

FILED
3/21/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**



RECEIVED

MAR 2 5 2021

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

Jerrod H. Thigpen
Plaintiff

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Lieutenant Inman
c/o J. Waltert, Lieutenant Buehle
c/o T. Albertson, c/o J. Hammer
seed
in their individual capa
cities,
Defendants, U.S. under (F.T.C.A)

(Enter above the full name of ALL
defendants in this action. **Do not**
use "et al.")

Case No:_____
(To be supplied· by the Clerk of this Court)

**CHECK ONE ONLY:**      **AMENDED COMPLAINT**

_____    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

✓    **OTHER** (cite statute, if known) "Federal Tort Claim Act" §2680(h)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.  **Plaintiff(s):**

A.  Name: Jenrod Harvey Thigpen

B.  List all aliases: _____

C.  Prisoner identification number: 78973-083

D.  Place of present confinement: AUSP

E.  Address: PO. BOX 1002, Thomson, IL 61285

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.  Defendant: C/o Inman

Title: Lieutenant

Place of Employment: AUSP (Administrative United States Penitentiary)

B.  Defendant: C/o T. Albertson

Title: Correctional Officer

Place of Employment: AUSP Thomson

C.  Defendant: C/o J. Waltert

Title: Correctional Officer

Place of Employment: AUSP Thomson

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                                    Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

JERROD H. THIGPEN,
Plaintiff

Civil No. 20 c 50314

Vs.

Judge. Philip G. Reinhard

Lieutenant Inman, at. el;          Magistrate Judge

Complaint For Damages
( Assault and Battery, Excessive Force, sexual assault )
( Violation of Eighth and Fourth Amendment rights )
" AMENDED COMPLAINT "
[ Jurisdiction and Venue ].

1. The Court has jurisdiction under 28 u.s.c.§1331, the Eighth and Fourth Amendments to the United States Constitution, and the Federal Tort Claims Act, cite statutes; 28 U.S.C. 2401(b) and 28 U.S.C. 2675(a), 42 U.S.C. 1985(3), 28 U.S.C. 2680(h), 28 U.S.C. 1346(b)(2)

2. On 08-17-2020, plaintiff submitted an Administrative Claim on Form Standard 95, Claim for Damage, Injury, or Death, to the United States North Central Regional office, U.S. Department of Justice, Federal Bureau OF Prisons.

This claim went unanswered and the agency did not make a final decision within six months deadline, 02-16-2021, so therefore plaintiff has consider the non-response as a denial and would like to proceed to file an FTCA along with Bivens §1331 lawsuit.

3. Plaintiff is a resident of Administrative United States Penitentiary, P.O. Box 1002, Thomson, Illinois.

4. Defendant United States of America is sued under the Federal Tort Claims Act for assault and battery, and negligence by law enforcement officers of the United States Federal Bureau of Prisons, Dept. of Justice.

5. Defendants, T. Albertson, J. Waltert, Lieutenant G. Inman, was, at all relevant times, an employee and correctional officers of the United States Federal Bureau of Prison, Dept. of Justice, an agency of the United States of America. These defendants are being sued in their individual capacities

## Common-Law Claims Against
## United States (FTCA)

6. The actions of Officers, T. Albertson, J. Waltert, Lieutenant G. Inman, set forth in paragraphs stated fully therein in claim, constitute assault and battery, sexual assault in violation of §2680(h), Under the Federal Tort Claims Act, the defendant United States of America is liable to the plaintiff for the unlawful actions of officer(s) Lieutenant Inman, Correctional officer J. Waltert, and Correctional officer T. Albertson, as they was acting within the scope of their employment as government law officers of the United States Dept. of Justice

7. The actions of officer, Lieutenant Inman, constitute negligence in violation §2680(h), The officer had a duty to the plaintiff not to place restraints so excessively tight on plaintiff's body that mere placement of the restraints caused pain and injury and permanent scars. The officer breached their duty when he placed restraints on plaintiff in a manner that caused pain and injury and keloid scarring on his side stomach areas. This breach

of his duty constituted negligence in violation of § 2680(h) common law and was the direct and proximate cause of the plaintiff's pain and injury. Under the Federal Tort Claims Act the defendant United States of America is liable to the plaintiff for the unlawful actions of Lieutenant Inman and Lieutenant Buehle, as they were acting within the scope of their employment as government law officers of the United States Dept. Of Justice.

Dated: <u>March 15, 2021</u>

March 15, 2021

Jerrod H. Thigpen #78973-083          J. Thigpen

AUSP Thomson

P.O. Box 1002

Thomson, IL 61285

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Bivens Action 1331, Excessive Force Claim Case No. 20 C 50314

B. Approximate date of filing lawsuit: August 4th, 2020

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

D. List all defendants: T. Aibertson, Lieutenant Inman, J. Waltert, ~~░░░░░░░~~, ~~░░░░░░░~~ Lieutenant Buehle, J. Hammer

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District of Illinois, Western Division

F. Name of judge to whom case was assigned: Honorable Philip G. Reinhard

G. Basic claim made: March 6, 2020

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Still pending, case stayed pending resolution of VanSach - Abbasi

I. Approximate date of disposition: 12/21/2020

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)



Factual Allegations Excessive Force Claim in Vidation oF The Eighth Amendment.

1. On March 2,2020, my cellmate Jimmie Harris Jr, refused a direct order from c/o K. Elders, approximately between 10:45-11AM. Several moments after this officer K.Elders, denied us our lunch trays.

2. Between 11 a.m. (after) Jimmie Harris Jr, discuss with me in cell that he's going to break the sprinkler device systems, due to officer Elders and J. Hammer denying us meal.

3. Sprinkler device were broken and officers came to cell D6 echo unit I

4. Plaintiff Jerrod Thigpen and cellmate Jimmie Harris Jr, were escorted out of cell. I were escorted by c/o Dunnett and c/o Grunewalde.

5. c/o W. Dunnett and c/o Grunewalde, escorted plaintiff towards supply closet in echo unit I, to be held by Unit Lieutenant Buehle, until he secures hard ambulatory restraints on cellmate.

6. After waiting about five minutes, Officer In Charge

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

T. Albertson, came over to where I were being held by officer Grunewalde and Dunnett.

7. C/o Albertson walked up to over where I was being held, came to my left side and stated "yea you PREA filing faggot, you a pussy, what kind of man files a Prea on someone". "Ima beat your body and see how tough youre is then".

8. The officers then escorted me out to mainhall to be strip searched and secured by restraint chains.

9. Plaintiff were strapped and secured in restraints and moved to echo unit 1, cell 123, into hard metal restraints

10. At approximately 12pm, was first two-hour-lieutenant check being done by LT. Buehle, and accomodating officers to review plaintiff restraints.

11. During this review, LT. Buehle, order officers to stand close by in cell area by the concrete slab Plaintiff was laying down on. LT. Buehle, asked; "Do you know that you fucked with the wrong one?" "Yea Albertson is my buddy you piece of shit"

12. LT. Buehle, advise officers to check restraints. As C/o J. Hammer was on side of my rightshoulder while LT. Buehle was checking my belly chains, Lieutenant order C/o J. Hammer, to tighten my belly chain tight as

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**V.     Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

A. Order Defendants to pay compensatory and punitive damages in their individual capacities in compensatory in amount of $50,000 and in punitive damages in the amount of $300,000 individually.

B. Order Defendants to pay compensatory damages for Mental and Emotional injuries, in the amount of $150,000 individually, severally and jointly.

C. Grant other just and equitable relief that this Honorable Court deems necessary.

**VI.    The plaintiff demands that the case be tried by a jury.   ☐ YES    ☑ NO**

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __March__ day of __15th__, 20 __21__

__March 15, 2021__

__Jerrod Thigpen__
(Signature of plaintiff or plaintiffs)

__Jerrod Thigpen__
(Print name)

__78973-083__
(I.D. Number)
__Administrative United States Penitentiary__

__P.O. Box 1002__

__Thomson, IL 61285__
(Address)

Revised 9/2007
[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## i. JURISDICTION

1. Plaintiff brings this lawsuit pursuant to 28 U.S.C. §§ 1331 and also § 2680 (h) Federal Tort Claim Act (F.T.C.A), 42 U.S.C. §§ 1985(3) and 28 U.S.C. § 2676. This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 2676.

2. LIST OF Parties

Plaintiff is naming the U.S. as a defendant under the Federal Tort Claim Act.

3. Plaintiff naming the S.I.S. Department, Officer In Charge, Ramirez, Lieutenant Whalen under § 1985(3) for conspiring with officers and allowing them to commit the civil crimes that they committed against Plaintiff.

4. Plaintiff is naming defendants, Lieutenant Inman, T. Albertson, and J. Waltert in BiVENS § 1331, to be sued in their individual capacities

<u>Exhaustion OF Admin. Remedies.</u>

1) Plaintiff has exhausted all his Administrative Remedies within Thomson Penitentiary, also he has filed an 'Standard 95' Tort Claim for Damage, Property, Loss, Injury or Death to the North Central Regional office, U.S. Dept. OF Justice, 400 State Avenue, Tower II, Suite 800, Kansas City, KS 66101. This was filed on and received by the agency on 08-17-2020, with they six month deadline being 02-16-2021. This "Exclusive Remedy" has been filed and submitted pending investigation and was left without action by the agency for six months, and still after on this date and day which is March 16, 2021.

All remedies has been filed and plaintiff has followed all grievances procedures and the proper protocols of this process.

I Jerrod H. Thigpen, #78973-083, swear under the penalty of perjury pursuant to 18 U.S.C. 1001 and 5 U.S.C. 552 (A)(I)(3) that everything I said is true and correct information.

Dated! <u>March 15. 2021</u>

Respectfully,
Jerrod Thigpen #78973-083

page 6

Attached and referenced to claim.

12. tight as he could and to keep plaintiff stomach flat as inmates tries to push & protrude their stomachs out to prevent chains being tight.

13. Lt. Buehle advise officer C/O J. Hammer, "to punch him in his damn stomach and tighten that belly chain tight as you can get it".

14. C/O J. Hammer, punched plaintiff in stomach 3 times with his last punch towards plaintiff stomach, pushing his weight down on his fist that was closed, so plaintiff wasnt able to breath.

15. Lieutenant Buehle and officers filed one after the other backing out of cell 123, after conducting restraint review and punching me to apply extra excessively tighter restraints upon plaintiff.

16. Upon they next two hour Lieutenant check, which was 2pm, were done by Lieutenant Inman.

17. Lt. Inman, C/O J. Waltert, C/O T. Albertson, and several other John Doe defendants came into cell to do review of restraints.

18. Lt. Inman, asked me to lay still as he order his officers to check my ankle chain and he review my belly and wrist chains.

19. Upon conducting review, Lt. Inman, stated, "Do you know where the hell your at and who the fucks you pissed off guy?"

Plantiff replied, "Yea thats Albertson the officer who said he's going to beat my body while im in restraints"

Lt. Inman, replied "Shut the fuck up!" We hate monkeys who files bullshit on us and one's especially who writes PREA's on officers.

Lt. Inman, then back away out of my space while nodding his head to C/o T. Albertson.

C/o T. Albertson grabbed my head and placed both of his gloved covered hands over my mouth, blocking, muffling all sounds.

Defendant J. Waltert, began striking me with both his fists repeatedly on my high part of thighs, legs, knees, stomach, ankles.

Defendant J. Waltert, then ripped an hole into my paper pants, to where my privates were exposed

Defendant J. Waltert, then reached and grabbed my genitals, squeezing with his hands, letting go and then grabbing my penis and yanking it hard as he can.

The other John Doe(s), two officers, one held my left leg, other right leg. John Doe began to brutally strike me blow after blow all over my body and face & head, stomping and kicking me

27. with their steel toe boots in my groin, ribs, everywhere

28. Defendant Albertson, striked me with his right closed fist, busting and swellen my lips and right side eye / facial area.

29. Lt. Inman, then ordered "STOP". Defendant Inman then came to the back of my head area as plaintiff were secured and laying down.

30. Lt. Inman placed both of his gloved hands on my head punching middle of head, placing both glove hands around plaintiff neck and squeezing and choking.

31. Lt. Inman, defendant then let go after several seconds of squeezing and resupplied a different and full complete chokehold with his right arm & left, closing off Plaintiff's oxygen level.

32. Plaintiff struggle for air and was nearly unconscious from defendant Inman chokehold.

33. Defendant Waltert then began to stomp, kick, punch plaintiff over stomach, groin, abdomen area.

34. Defendant Albertson held and pinned plaintiff down to concrete floor slab where mattress supposed to be.

35. Defendant Inman came over left side, grabbed a handful of belly restraint chain, and started yanking, pulling & dragging plaintiff over floor-bed.

36. Defendant Waltert then grabbed hold of both plaintiff legs iron, started pulling, twisting, yanking, kicking chains on ankles

37. Defendant Waltert, took out key-like object and began to lacerate plaintiff right knee until causing blood to show.

38. Defendant Albertsm began to twist & turn belly chain causing friction with skin to cause plaintiff injury and scarring around stomach & sides area

39. Defendant Inman, held plaintiff up, while c/o Waltert, Albertsm, other John Doe(s) came in front and began to punch plaintiff in stomach and striking with their baton weapon of object, all over entire body.

40. Defendant Albertsm, then placed both of his glove hands over face, suffocating plaintiff for several seconds.

41. Defendant Albertsm then smacked plaintiff and stated, "This is just a taste of whats to come you bitch ass sissy nigger"

42. Lt. Inman and officers began to back out exiting cell one after another in single file line, cell 123 echo unit 1.

43. At 4pm, Lt. Inman and guards came back to conduct second two-hour lieutenant check.

44. Defendants Inman-Wattert-Albertson & others enter cell 123 with medical register nurse SIMCOX, to conduct medical reviews and vital checks.

45. While waiting on RN Simcox to leave cell and they unit, Guards prepared to elaborate second assault & batter to take place.

46. Plaintiff requested to R.N. Simcox, "He needs his emergency inhaler" and needs some medical attention as he's been victim of physical and sexual assault by these correctional officers"

47. R.N. Simcox, advised Lt. Inman, to retrieve inmate Inhaler as he's an Asthmatic Bronchitis sufferer.

48. Plaintiff stated to R.N. Simcox, Guards has sprayed directly on plaintiff clothing and had powder pepper-mace on their glove hands and were suffocating him.

49. R.N. Simcox, became very confused and strange in behavior and immediately left out cell.

50. Defendant Inman, told officers to make sure R.N.Simcox left out unit before they "beat plaintiff ass again".

51. Defendant Inman, stated "Thigpen, boy we will beat your ass every single time were working, trump up charges on you and have you in restraints in this position again, if you thinks about writing or complaining"

52. Defendant Waltert, then striked plaintiff in the groin while plaintiff were bended over Defendant Albertson, placed him straight and began to viciously attack with his baton, and kicking.

53. Defendant Albertson pulled plaintiff onto an standing position, while defendant Waltert, John Does, took turns punching him in the stomach back onto the concrete slab, and kicking and kneeing in ribs & body areas.

54. Defendant Inman grab handbox restraint and began pulling and yanking, doing same with chains twisting & turning until plaintiff cried out loud "PLEASE STOP IM SORRY"

55. John Doe came to turn plaintiff over onto belly and kicked and stomped his buttocks.

56. As plaintiff were now forced in an spanking position, defendant Inman walk over behind with baton object, and began to strike all over plaintiffs backsides and buttocks, while holding baton out to pass to next officer.

57. Defendant Albertson, took ahold of baton and striked plaintiff viciously on back and back of shoulder area and butt.

58. Defendant Albertson and Inman made sure all attending officers had a turn to strike plaintiff in an spanking disciplining fashion, as plaintiff buttocks were bruised and swollen and warped from assault and batter.

59. Defendant Waltert sprayed pepper spray all over his glove hands and started suffocating plaintiff, stating, "DIE NIGGER BITCH, YOU AINT SO TOUGH AFTER ALL NOW- HUH?"

60. Defendant Waltert took his glove fingers and stuck into plaintiff eyes-mouth-nose causing plaintiff to hyperventilate

61. Defendant Waltert then smack plaintiff face and stood up and poured powder pepper spray onto his face and clothing of paper pants & shirts.

62 Defendants Waltert and Albertson took their pepper spray, sprayed cell walls, sink, the cell water supply nozzle, and chains.

63 Defendant Albertson came infront of plaintiff, stating, "Let me see if you learn a lesson bitch"

64 Defendant Albertson, ask plaintiff, "why he didnt tell cell mate to "Put his hands up" when a female officer tells so?" Plaintiff stated in reply, "He was sleep and He cant tell a grown man what to do in prison"

65 Defendant Albertson, stated, "So you and your cellmate Harris likes to Jack off on our female officers huh?" "Well ima show you how we do yall kind at USP LEWISBURG"

66 Defendant Albertson, then reach inside plaintiff teared torn middle paper pants, where exposure of genitals, and grab genitals-Squeezed and yanked viciously while holding onto tightly.

67 Plaintiff began yelling and screaming, "HELP-HELP-YALL CANT DO THIS, THIS ISNT LEGAL "YALL ARE OFFICERS OF THE LAW"

68 Defendants Inman-Albertson, replied, "SHUT THE FUCK UP YOU SISSY BITCH FOR WE KILL YOU IN HERE AND COVER IT UP PUNK".

69. Defendant Waltert, turned plaintiff over on his side and began pounding side of ribs.

70. Defendant Albertson came around and beside Defendant Waltert, took out his baton object and told Waltert, "hold this bitch ass sissy so I can make him out the punk he is"

71. Defendant Albertson placed baton directly centered and angle into plaintiff anal area of his pants in his buttock area backside. He then began forcing baton in an pushing manner into anal rectum area while laughing out loud stating, "look guys who aint tough now screaming and yelling like a bitch for his life, who's pussy now". (Plaintiff were strapped to bolts of bed )** metal locks, placed into four-points

72. Defendant Inman stated to plaintiff, "If you dont shut the fuck up you'll be put in FOUR POINTS".

73. Defendants threaten to "whoop plaintiff ass again if he dont put a lid on it NOW".

74. Defendant Albertson stated, "If you write any thing up again or even think of report this, [sic] I'll cut your balls off and make you choke off 'em"

75. Defendant Inman stated, "Dont SNITCH" and they all began to exited out cell 123, after 4pm.

76. Defendant Waltert and Albertson, stop at cell door, stating "NEXT TIME WELL USE A FINGER TO ABUSE AND HUMILIATE AND AROUSE YO' PRETTY FAT BLACK ASS BOY"

77. Several minutes later, plaintiff was yelling and screaming for help and medical attention and that he can't breathe"

78. C/o Schneider, unit officer began to do his 15-minute checks on plaintiff inside restraint cell 123.

79. Plaintiff were laying on cell floor shaking profusely back & forth, as C/o Schneider witnessed this and plaintiff sweating profusely.

80. C/o Schneider stated, "Hold on let me go talk to the Lieutenant or someone dude"

81. 15 minutes later officer Schneider did another restraint check, and ignored plaintiff request for medical treatment"

82. Plaintiff was hurt very badly and had extreme difficult breathing, receiving none of his Asthma prevention devices, as he was sprayed and suffocated with pepper spray by guards.

83. Officers Schneider, Raymond, Carlisle, ignored plaintiff abused circumstances and to get him help. Plaintiff laid on cell floor for several hours barely responsive or active at all.

84. Plaintiff was taken out of hard ambulatory restraints on March 3, 2020, some time between morning and noon.

85. Plaintiff immediate requested to see medical as he was assaulted and sexually violated by officers in restraints, requesting to see building's Lieutenant. This (request) were ignored.

86. Plaintiff had to receive the help and support of cellmate Jimmie Harris Jr, to wash and treat injuries with (OTC) Triple Antibotic Ointment, and anti-bacteria soap (dial) on wounds that were open and bleeded out.

87. March 3, 2020 or 4th of March, Lieutenant name Soto; to which his aliases were for short, was doing his rounds or serving other inmates discipinary reports.

88. Plaintiff spoken to unit officer, who spoken to Lieutenant, and Plaintiff were told he will be seen soon by Psychology and medical.

89) Plaintiff were pulled out cell March 6, 2020, around morning or noons hours escorted to see Psychology Doctor S. McCrae, inside echo's investigation room doors.

90) Plaintiff reported sexual assault / physical assault allegations to Dr. S. McCrae.

91) Dr. S. McCrae, took notes of allegations and advised plaintiff he will see medical next to be examined and evaluated of injuries and PREA claim.

92) Ten to 15-minutes later plaintiff were taken back to cell until medical supervising nurse arrives.

93) Plaintiff was escorted out cell moments later by C/o Wilbur and C/o Jess to the medical examination room.

94) RN. S. Donahue, was they nurse available to conduct PREA assault & sexual abuse examination. Upon RN. Donahue, putting on her gloves and getting onto the telephone, plaintiff and officers were delayed for about two or three mins.

95) RN. Garcia, came into medical examination room and pulled RN.S. Donahue to the corner away from plaintiff 3 officers to conduct an private conversation.

96) RN.Garcia, advise RN.Donahue, to hold on don't do nothing yet I'll be back in a minute".

97) All parties waited for approximately about 15 minutes until RN.Garcia arrived back. RN.Garcia told RN.Donahue, to follow her lead and orders as this is an PREA sexual assault examination".

98) Plaintiff were told to stand up upon reporting where his injuries were on his genitals.

99) Plaintiff requested RN.Donahue and RN.Garcia to take pictures as his testicles and penis are wounded-cut-and scratched badly.

100) RN.Garcia stated, "There'll be no pictures" and if we can't see your cuts and scratches thisil be over because were not going to sit and look or examine your penis area for inspection"

101) Plaintiff were held up by officers Jess & Wilbur, while RN.Donahue, got on her knees to examine testicles and penis.

102) Plaintiff requested to RN.Donahue, that injuries are all on sides of genitals and if penis is lifted up to be examined and looked at, you'll see all scratches-cuts, and marks there.

103) RN. Garcia, immediate shouted, "NASIR" We will not touch your penis or testicles and Donahue if you don't see anything in front of you now, don't worry because I won't have you examine him by touching him.

104) Plaintiff and RN. Garcia, began to get into argument about medical rights as prisoner and plaintiff told RN Garcia, he'll write her up for violating and not fully doing her job adequately as an prisoner been a victim of sexual assault". RN Garcia, replied, "Go ahead I don't care your lucky to make it this far, next time do us all a favor and leave the officers alone, listen and you'll end up better shape"

105) Plaintiff then requested for ribs, head, back, sides of stomach to be treated and dressed with antibotics and to be stitched up"

106) RN. Garcia, replied, "You don't need no medical support you just needs to learn your lesson and not get placed into same situation & circumstances again"

107) RN. Garcia, then told RN. Donahue, to go 'head look at his body so we can conclude this meeting". RN. Donahue examined my sides and witnessed damages of injuries by hands of defendants, and bruising of right eye and cut on right corner eye lid, bruised lips, etc. RN. Garcia, replied, "Okay that's it Ms. Donahue and i'll tell you what to report and how to program it in computer system. Told CIo's Jess & Wilbur, he can go back to his unit now".

108) Plaintiff, immediately requested a male RN. nurse to assess and examine him of his injuries so he can receive an proper and adequately thorough examination"

109) RN. Garcia, replied "REQUEST DENIED" "We don't have no available male nurses here now so sorry inmate Thigpen"

110) Plaintiff then asked RN. Garcia, "You not even going to take my paper clothing for evidence as there's blood all over pants and paper boxers". This was ignored by RN. Garcia as she stated, "Im in charge, so what I says goes, Good bye!"

111) Plaintiff were escorted back to cell unit and cell 06, by escorting officers Jess and Wilbur.

112) Plaintiff was seen by Lieutenant Whalen (S.I.S.) a month after, believe on April 13, 2020 to report allegation of facts so investigation can be done.

113) Plaintiff requested to S.I.S. Lt. Whalen, for pictures to be takened as his injuries are still fragile and visible on genitals and body. S.I.S. Lt. Whalen, stated, "He will see about that and lets get to the facts so we can see what happened first, then we'll take pictures"

114) Pictures were never taken

115) LT. Whalen, came to see plaintiff again, sometime in May, asking for plaintiff to state claim all over again. Plaintiff did and again requested pictures to be taken by a technician out of S.I.S. Dept. Once again this were failed to be conducted.

116) Plaintiff began to exhaust remedies starting with an BP-8 through counselor Kearney, and Hammond.

117) Plaintiff were abled to successfully exhaust his remedies on assault & sexual assault, but prevented on negligence of medical complaint against RN. Garcia & RN. S. Donahue, only making it to the level of BP-8 and BP-9.

118) Plaintiff also filed an 'standard 95' Tort Claim, under Federal Tort Claim, for damages and injuries, stating whole writting claim and injuries, Copy is attached within this complaint of Tort standard 95".

## Causes OF Action.
### Count I.

Plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution.

119. Plaintiff incorporates paragraphs 1 through 118 as though they were stated fully herein.

120. Defendants Inman-Waltert-Albertson, violated plaintiff Eighth Amendment right to be free from cruel and unusual punishment by maliciously and sadistically, abused and sexually assaulted plaintiff.

121. Defendants Inman-Waltert-Albertson, violated plaintiff Eighth Amendment, by keeping plaintiff in hard ambulatory restraints confined for 24 hours, providing no medical treatment or support.

### Count II.

122. Defendants Inman violated plaintiff DueProcess Under the Fourteenth Amendment To the Constitution, by keeping plaintiff strapped in hard ambulatory restraints after he were sexually violated and physically abused.

123. Defendants Inman denied plaintiff Due Process Under Fourteenth Amendment, by placing plaintiff into four-points for two hours after first assault and sexual abuse took place.

124. Defendant Inman, Albertson, Waltert, Violated plaintiff Fourteenth Amendment right to Due Process, by depriving him of eligibility to move-exercise-or be rotated while in four-points, as he was taken out and placed back into hard ambulatory restraints.

## Causes OF Action.

I. Defendants Inman-Waltert-Albertson-J.Hammer, Lt. Buehle, violated plaintiff Eighth Amendment right to be free cruel and unusual punishment by using their force "maliciously and sadistically for their very purpose of inflicting and causing harm" to teach plaintiff an lesson.

II. Defendants Inman, Albertson, waltert, violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by using force that were more than de minimis by kicking-punching-using baton to cause injuries and scars of permanent injury, bruises, swelling and keloided scarring wounds on plaintiff body.

III. Defendant Waltert and Albertson violated plaintiff Eighth Amendments rights by use of callously and recklessly over using and spraying pepper-spray on plaintiff while he was secured-confined in hard shackle restraints-four-points, while plaintiff have not jeopardize any officers safety or threatened prison or himself or security.

III. Defendants T. Albertson, Waltert violated plaintiff Eighth Amendment right to be free from cruel and unusual punishment by forcibly sexual assault as their use of excessive force, while in restraints.

5. Defendants Inman, Waltert, Albertson violated plaintiff Eighth Amendment right to be free from cruel and unusual punishment by treated in a way antithetical to human dignity - Plaintiff was hitched to a post for an extended period of time in a position that was painful, and under circumstances that were both degrading and dangerous.

6. Defendant Inman violated plaintiff Eighth Amendment rights to be free from cruel and unusual punishment by being an higher ranking official, letting and observing an unlawful beating of correctional officers and participating.

7. Defendant T. Albertson violated plaintiff Eighth Amendment rights to be free from cruel and unusual punishment by observing, participating and letting other correctional officer unlawfully beat-assault & sexually abuse plaintiff on two occasions.

8. Defendant Waltert violated plaintiff Eighth Amendment rights to be free from cruel and unusual punishment by observing-participating- and letting other correctional officers unlawfully beat-assault and sexually abuse plaintiff on two ucassions.

9. RN.Garcia and RN.S.Donahue violated Plaintiff Eighth Amendment right to be free from cruel and unusual punishment by denial of dressing or treating injuries, thoroughly examining PREA sexual assault allegations injuries and adequate properly medical attention.

10. RN.Garcia and RN.Donahue violated Plaintiff Eighth Amendment right by being deliberately indifferent to my injuries and medical care needs, as being an victim of sexual assault and physical abuse.

11. Defendant Ihman, Albertson-Waltert violated Plaintiff Eighth Amendment rights to be free from cruel and unusual punishment by being deliberately indifferent to the FBOP/DOJ Program statement P 5566.06 "Use of Force and Application of Restraints" by failing to conduct an Post-Restraint Assessment, of being seen by medical upon coming out restraints within 24hrs or so. Plaintiff was not seen by medical at all.

12. Defendant Inman, Aibertson, Waitert violated Plaintiff Eignth Amendment rignt by not placing plaintiff in safe non-toxic cell, as cell 123 while in restraints were contaminated with pepper-spray all over cell walls, sink, sink nozzle, toilet.

13. Defendant Inman violated Plaintiff Eignth Amendment rignt by using excessive force while he was in full-body hard ambulatory restraints and four-points, observing an sexual assault and assault & batter.

14. Defendant Inman, Lieutenant, violated Eignth Amendment rignts of Plaintiff by failure-to-Protect, plaintiff from assault & abuse by other Guards who intentionally imposed inflict ion of serious harm.

15. Defendant Aibertson violated Plaintiff rignts of Eignth Amendment by failure-to-Protect from assault & abuse by other Guards.

16. Defendants Waitert violated Plaintiff Eignth Amendment rignt by failure-to-Protect from assault & batter and sexual assault by other Guards.

17. Defendants Inman, Albertson, Waltert, Violated Plaintiff Eighth Amendment right to be free from cruel and unusual punishment by having a duty to intervene and stop the malicious use of excessive force from contin uing on both Two-hour-lieutenant review checks, and failure to stop sexual assault.

Defendant J. Waltert, used some small type of device that clamps onto things, similiar to an door handle clamp device or something, to grab and tear into my right knee bone. Defendant also used this device as an form and method of torturing to restore order and discipline, by clamping onto plaintiff's inner thighs in a pinch-like manner, chest nipples and toes.

Plaintiff sustained significant amount of injuries, pain and suffering, mental and psychological troubles, and emotional. Plaintiff had serious physical injuries such as, head trauma, persistent back pain, edema, contusions, bruising, permanent scarring, Keloid scars, been diagnosed with Post-Traumatic Stress Disorder, and required psychological psychotropic medications by medical care prof-essional, bruising of ribs, a swollen face and scarred right eye lid (corner) "psychological trauma and mental anguish including depression, panic attacks, and nightmares of the sexual and physical assault," "humiliation," and " emotional trauma." Rectal Anal bruising and bleeding, scarring and bruising and bleeding of genitals, toes, permanent scratches and minor abrasions, a laceration to both ankles, wrists, and right eyebrow with a small hematoma and swelling around his right eye. The laceration and hematoma were both self-healed, with Registered Nurse Garcia, refusing stitches and treatment. Dark colored, scarring, excoriated area of skin on the back and front of plaintiffs ankles consistent with excessive tight restraints, and

on wrists and right and left sides of stomach.

Respectfully submitted,

Jerrod Thigpen

Jerrod Thigpen # 78973-083

Administrative United States Penitentiary

P.O. Box 1002

Thomson, IL 61285

Dated: March 15, 2021